UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARK ANTHONY SKAGGS,                                                         Petitioner,

v.                                                Civil Action No. 3:18-cv-P149-DJH

JEFFERSON CIRCUIT COURT *et al.*,                          Respondents.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Petitioner Mark Anthony Skaggs, proceeding *pro se*, initiated the instant action by filing a motion, which he styled as a "Motion to Writ of Mandamus" (Docket No. 1). The Court construes the motion as a petition for writ of mandamus. Petitioner also filed an application to proceed without the prepayment of fees (DN 4), which is **GRANTED**. For the reasons that follow, the instant action will be dismissed for lack of subject-matter jurisdiction.

**I.**

Skaggs names as Respondents Jefferson Circuit Court, Division 7; and Hon. Judge Audra J. Eckerle. He maintains that he entered a guilty plea in a Jefferson Circuit Court criminal action before Judge Eckerle. Skaggs states that he filed a motion to vacate his judgment pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 in his criminal case. He asserts that the grounds for his RCr 11.42 motion were "ineffective assistance of counsel" and "misleading of the commonwealth to encourage [Skaggs] to enter into a plea agreement with the commonwealth, that he was not eligible for." He maintains that he entered into the plea agreement with the understanding that he would be given shock probation after 120 days. However, he states that Judge Eckerle denied his request for shock probation finding that shock probation was intended for first-time offenders and that Skaggs had prior offenses. He asserts

that, before he entered into the plea agreement, "[b]oth the Commonwealth and [his] councel were fully aware of [his] criminal history and previous incarcerations."

Skaggs further maintains that the Commonwealth objected to his RCr 11.42 motion, which is still pending in Jefferson Circuit Court. He states that he requested an evidentiary hearing in that action "[b]ecause the record does not reflect all the facts in this case. And the verified Rcr 11.42 motion is not enough to make findings without an evidentiary hearing." Skaggs asserts that he is entitled to a prompt hearing. He states, "Disposition of motion to vacate sentence should be expedited and if a hearing is required it should be prompt. Four (4) month delay without reasons entitled [Skaggs] to writ of mandamus."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *See Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* at 1386. Such is the case here. Skaggs seeks only mandamus relief. "In the absence of special statutory authority[, a federal

2

court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id*. While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff" (emphasis added), Skaggs asks this Court to compel Jefferson Circuit Court to perform an act. That court is a state court and not an officer, employee, or agency of the United States.

As Petitioner failed to demonstrate this Court's subject-matter jurisdiction, the instant action will be dismissed by separate Order.

Moreover, to the extent that Skaggs could have brought this action as a 42 U.S.C. § 1983 civil rights action, he essentially requests this federal court to order the state court to conduct a prompt hearing on his pending RCr 11.42 motion. However, there is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Thus, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Further, the *Younger* abstention doctrine may be raised *sua sponte* by the court or by the parties. *See O'Neill*, 511 F.3d at 642; *Pethtel v. Tenn. Dep't of Children Servs.*, No. 3:10-CV-469, 2011 U.S. Dist. LEXIS 132711, at *3 (E.D. Tenn. Nov. 16, 2011).

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention inappropriate." *Graves*, 534 F. App'x at 406 (citing *Am. Family Prepaid Legal Corp.*, 498 F.3d at 332).

The Commonwealth of Kentucky has an important interest in adjudicating Skaggs's criminal action. Skaggs has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If his RCr 11.42 motion is denied, he still has a number of state court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In light of the available avenues through which to raise a constitutional challenge, this Court would not interfere with an on-going Kentucky state court proceeding. *See, e.g.*, *Am. Family Prepaid Legal Corp*, 498 F.3d at 334 ("Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."). In addition, Skaggs alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. Therefore, even if Skaggs had filed his action as a § 1983 civil rights action, Skaggs has failed to show that the state courts are unable to protect his interests at this time, and this Court would abstain from interfering in his on-going state court proceeding.

Finally, if Skaggs had filed the instant action as a petition for writ of habeas corpus, habeas relief would not be available to him in this case. A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose*, 455 U.S. at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Before Skaggs could pursue a petition for writ of habeas corpus, he must exhaust all available state remedies, including appellate review. Moreover, his allegations do not give rise to special circumstances warranting federal intervention in this case. Therefore, Skaggs would not be entitled to habeas corpus relief at this time.

**III.**

For the foregoing reasons, the Court will dismiss the instant petition for writ of mandamus by separate Order.

Date: May 10, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Petitioner, *pro se*
    Respondents
4415.010